THE STATE *v.* FLYNN ET AL.

[No. 19,505. Filed May 28, 1901.]

OFFICERS.—*Penalty.*—*Liability on Official Bond.*—The penalty imposed on an officer by §132 of the act of March 11, 1895, for failure to report or pay over fees collected is in the nature of a punishment of the officer, and cannot be recovered by the State in an action on an official bond conditioned that such officer shall faithfully discharge his duties and pay over all moneys coming into his hands as such officer.

From Tippecanoe Circuit Court; *W. C. L. Taylor,* Judge.

Action by State against David H. Flynn and others. From a judgment in favor of defendants, plaintiff appeals. *Affirmed.*

State *v.* Flynn.

*E. A. Randolph* and *C. E. Thompson,* for State.

*A. L. Kumler, T. F. Gaylord, G. P. Haywood* and *C. A. Burnett,* for appellees.

Dowling, C. J.—This was an action upon the official bond of the appellee David H. Flynn, clerk of Tippecanoe county, to recover from him and his sureties the penalty imposed by §132 of the act of 1895 (Acts 1895, p. 357), for the failure of the officer to make the reports required by law, and to pay the amount due from him into the county treasury. The complaint was in two paragraphs, to each of which the appellees, separately, demurred for want of facts. The demurrers were sustained. The appellant elected to stand by its complaint, and there was judgment for the appellees. The errors assigned are upon the rulings on the demurrers.

The complaint, after alleging the election and qualification of the clerk, and the due execution of his official bond, charged, as a breach thereof, that the officer received and collected, by virtue of his office, fees to the amount of $17,648.31, which he failed to report and pay over, but wrongfully converted to his own use. Judgment for an equal amount, as the penalty given by the statute, was demanded.

The general provision of the statute concerning official bonds is as follows: "All official bonds shall be payable to the State of Indiana; and every such bond shall be obligatory to such State upon the principal and sureties, for the faithful discharge of all duties required of such officer by any law, then or subsequently in force, for the use of any person injured by any breach of the condition thereof." §7543 Burns 1894, §5528 R. S. 1881.

The statute required that the clerk should give bond in such sum as should be determined by the board of commissioners, with surety, to be approved by the board, conditioned for the faithful discharge of the duties of his office, and the payment to the proper person, or persons, of all moneys that should come into his hands as such clerk,

State *v.* Flynn.

The bond so executed by the appellee and his sureties contained this stipulation: "The condition of the above obligation is such that if the above bounded David H. Flynn shall faithfully discharge the duties of the office of circuit court clerk of said county and State, and shall pay over on demand to the person or persons entitled or authorized to receive the same all moneys that may come into his hands as such circuit court clerk, by virtue of his office, then this obligation is to be void," etc.

The section of the statute under which the penalty sued for in this action is claimed is in these words: Acts 1895, pp. 304, 357, §132. "Any officer failing or refusing to make the reports required by law, or to pay the amount due from him into the county treasury, shall forfeit and pay to the State the sum equal to the amount of the fees actually collected during that quarter to be recovered by the prosecuting attorney in any court of competent jurisdiction, one-half to be paid to such prosecuting attorney, and the balance into the common school fund."

It is not alleged in the complaint that any part of the moneys which Flynn collected and failed to report and pay over belonged to the State, or that the State sustained any injury by such failure. The statute itself declares that the fees and costs collected by the clerk "shall in no sense belong to, or be the property of the clerk, but shall belong to and be the property of the county." Acts 1895, p. 334, §114, §6519 Burns Supp. 1897. This action is not prosecuted for the benefit of the county, but solely for the purpose of enforcing the penalty given to the State and prosecuting attorney by the statute, and compelling its payment by Flynn and his sureties, as an obligation upon his official bond.

Can the penalty so given be enforced in an action on the bond of the clerk? It is entirely clear that it cannot. The bond is intended to protect and indemnify all persons, natural and artificial, who may sustain injury by reason of a breach of its conditions by the officer. The penalty given

by the statute is designed to punish the officer for his failure to perform a duty imposed by law. It is in no sense remedial, and it is not intended as a substitute for any remedy for injury or loss to which the State may be entitled.

The rule in such cases is thus stated in a late treatise on official bonds: "The obligation of a surety for the due discharge of his official duties by his principal, is that the surety will answer the damage that may result from a breach of the bond; it is not that the principal will respond to such fines and penalties for his misconduct, as may be prescribed by law, and awarded by judicial authority. The fine and penalty are punishment for neglect of duty, and may be imposed or incurred, irrespective of actual damage or loss, suffered by any one. Thus, an officer may be fined, or have a judgment rendered against him for a penalty, in a case in which nominal damages only could be recovered on his official bond, the breach of his duty not having caused any actual loss to any one." Murfree on Official Bonds, §654; *McDowell* v. *Burwell,* 4 Rand. (Va.) 317, cited by this author, is directly in point, and fully sustains the proposition stated in the text.

In Mechem's Public Offices and Officers, §282, it is said: "The contract of sureties upon an official bond is subject only to the strictest interpretation. They undertake, in the language of Judge Cooley, 'for nothing which is not within the letter of their contract. The obligation is *strictissimi juris;* and nothing is to be taken by construction against the obligors. They have consented to be bound to a certain extent only, and their liability must be found within the terms of that consent.'" *Detroit Savings Bank* v. *Zeigler,* 49 Mich. 157, 13 N. W. 496, 43 Am. Rep. 456.

In *Treasurers, etc.,* v. *Sureties, etc.,* 8 Rich. L. R. (S. C.) 412, pp. 413, 414, the law is thus stated: "We concur with the judge below, that the defendants were not liable for penalties imposed on the sheriff by the acts of 1796, 1799, 1827, for not paying over to the plaintiffs in execution

money by him collected under it, and for not returning executions according to law. The undertaking of the securities is, that the sheriff shall discharge the duties of his office; his failure to pay over money collected by him, or to return the executions in his office, according to law, are violations of his duty, and consequently breaches of the covenant contained in the condition of his official bond; and the securities become thereby liable to respond in damages to the parties interested. But penalties imposed on the sheriff for a violation of his duties are not damages sustained by the parties affected by his default. They are punishments inflicted by the law on the sheriff himself for a *quasi* criminal neglect of duty."

In *Jeffreys* v. *Malone,* 105 Ala. 489, 17 South. 21, it was held that the sureties on the bond of a probate judge were not liable for the payment of the penalty imposed upon the judge for issuing a marriage license to a minor without the consent of the parent or guardian.

In *Brooks* v. *Governor,* 17 Ala. 806, the court decided that the sureties of a clerk were not liable for the statutory penalty, whether the act of the clerk was to be deemed malfeasance, nonfeasance or misfeasance in the performance of official duty. The reason of the decision was that the act of the clerk was not productive of legal damage or injury; and for such act the statute did not in terms fix liability on the sureties. *Blake* v. *McKim,* 103 U. S. 336, 26 L. Ed. 563; *Tiffany* v. *National Bank,* 18 Wall. 409, 21 L. Ed. 862.

If the legislature had intended to make the sureties liable for penalties imposed upon the clerk, or other officer, it would have so declared. Illustrations of such intent may be found in the act of June 5, 1883; §7568 Burns 1894; Acts 1875, p. 55, §7279 Burns 1894, §5315 R. S. 1881.

The provision of the statute that as between the sureties and the State the sureties shall be deemed and taken as principals, §7549 Burns 1894, and that they shall set up no

defense to an action for a breach of the bond not available to the principal, does not render the sureties liable for forfeitures or penalties imposed on the principal. *Hawkins v. Thomas,* 3 Ind. App. 399, 402, and cases cited. The present action could no more have been maintained on the bond against the principal therein than against the sureties.

The question of the constitutionality of §132 of the act of 1895 is discussed by counsel for appellees, but it is not necessary to the determination of the case that we should consider it.

The complaint did not state a cause of action for which the clerk and his sureties were liable on his official bond, and the demurrers were properly sustained.

Judgment affirmed.