## State, ex rel. Wyatt, *v.* Bagby et al.

[No. 19,961. Filed May 26, 1903.]

EXTORTION.—*Officers.*—*Action on Bond.*—An action on the bond of an officer for extortion will not lie under §6549 Burns 1901, since such section creates only a personal liability.

From Allen Circuit Court; *J. H. Aiken,* Special Judge.

Action by the State on the relation of Jacob Wyatt against Albert L. Bagby and others. From a judgment for defendants, relator appeals. Transferred from Appellate Court, under §1337h Burns 1901. *Affirmed.*

*W. C. Geake* and *W. N. Ballou,* for appellant.
*Wilmer Leonard* and *Elmer Leonard,* for appellees.

GILLETT, J.—Appellant brought this action on the official bond of appellee Bagby to recover a penalty for an alleged act of extortion. It is stated in the brief of appellant that the action is instituted under the provisions of §8, Acts 1883, p. 48, §6549 Burns 1901. The act of March 31, 1879 (Acts 1879, p. 130), which relates to the fees of constables for mileage in the service of process, was amended by the act of March 8, 1897, (Acts 1897, p. 217, §8060 Burns 1901), and therefore we assume that if the section of the act of 1879 relative to a civil penalty for extortion was not repealed by implication by said §8 of the act of 1883, it is nevertheless true that the latter section is the only statute which is broad enough to authorize the recovery of a penalty for the act of extortion charged, if it amounts to an extortion. The section last mentioned creates only a personal liability on the part of the officer, and therefore an action on his bond will not lie. *State, ex rel.,* v. *Souder,* 14 Ind. App. 472. See *State* v. *Flynn,* 157 Ind. 52.

Judgment affirmed.