·   McGUIRE v. SKELTON *et al.*

No. 2214.    Opinion Filed January 7, 1913.

(129 Pac. 139.)

1.      **COURTS**—District Courts—Jurisdiction—Action Against Township Officers.    The district court has jurisdiction of actions brought under the provisions of sections 2 and 3 of the Public Funds Act, approved March 8, 1901 (Sess. Laws. c. 25, art. 2; Comp. Laws 1909, secs. 7413, 7414), against township officers for misconduct in office (Const. sec. 12, art. 7).

2.   **OFFICERS**—Misconduct—**Actions by Private Informer.**  An informer cannot maintain an action for damages under the first provision of section 7413, Comp. Laws 1909, the right of action thus afforded being for damages to all innocent persons in any manner injured by the wrongful official act, meaning thereby those able to show a special and particular damage as distinguished from an injury sustained in common with others.

3.   **TOWNS** — Township Officers — Misconduct — **Taxpayer's Action.**  Actions authorized to be brought by a resident taxpayer of the affected township permit a recovery for double the amount of all such sums of money wrongfully paid out, and double the value of the property so transferred, as a penalty therefor, and not for damages as authorized in a prior provision.

4.   **OFFICERS**—Misconduct—Actions—**Notice.**  The demand and notice provided for by section 7414, Comp. Laws 1909, must be served upon the officers of the board whose official conduct is being attacked, and not upon the county attorney of the county.

(Syllabus by Sharp, C.)

*Error from District Court, Dewey County;*
*G. A. Brown, Judge.*

Action for damages and statutory penalty by H. D. McGuire, suing in the name of the State of Oklahoma, against S. A. Skelton, D. M. Wilson, Lewis Ferguson, and the Township of Trail, Dewey County. From a judgment sustaining a demurrer to plaintiff's petition and dismissing plaintiff's cause of action, plaintiff brings error. Reversed and remanded, wth instructons.

*Hickok & Meyers,* for plaintiff in error.

*Robert E. Adams* and *Harry H. Smith,* for defendants in error.

Opinion by SHARP, C.   The determination of this case involves a consideration and construction of sections 2 and 3 of the Act of March 8, 1901, fixing the liability and determining the procedure against certain classes of public officers, guilty of a misappropriation of public funds. Sections 7413, 7414, Comp. Laws 1909. Plaintiff's petition consisted of two counts. In the first it was charged that he was damaged in the sum of $76.25, the amount of the unauthorized, unlawful, fraudulent, and void warrant issued and paid by the officers of defendant township. The second count was to recover $152.50, being the amount of said

warrant and penalty. Defendants interposed a demurrer to each of the two causes of action stated, charging that it failed to state a cause of action in favor of plaintiff in error and against said defendants; and, second, that the court had no jurisdiction of the subject-matter of the action. Upon hearing the demurrer was sustained, and plaintiff's cause dismissed.

In our opinion there can be no question but that the district court had jurisdiction of the action, regardless of the amount involved. It was one based upon official misconduct under a statute fixing a liability therefor. Constitution, sec. 12, art. 7, provides that:

"The county court shall not have jurisdiction * * * in any action against officers for misconduct in office. * * * "

By section 10, art. 7, the district courts of the state are given original jurisdiction in all cases, civil and criminal, except where exclusive jurisdiction is by the Constitution or by law conferred upon some other court. The acton, therefore, being one arising out of official malfeasance or misconduct in office, and the county court not having jurisdiction, it follows that this jurisdiction by the terms of section 10, art. 7, was committed by the Constitution to the district court.

We do not think that the first paragraph of plaintiff's petition states a cause of action. Obviously it was the purpose of the Legislature, as expressed in section 7413, *supra,* to create two classes of liability for the acts of malfeasance named in said section. The first class of actions accrued to all innocent persons in any manner injured thereby; the second, to the county, township, city, town, village, or school district affected. To the first class the cause of action was for damages; to the second, for a penalty in double the amount of all sums of money unlawfully expended and paid out. The first provision does not appear to place any limitation upon the amount that may be recovered as damages; the second, or penalty provision, limits the amount of recovery to double the amount of the money wrongfully paid out. Clearly it was not the purpose of the first provision to give a right of action in damages to a common informer, but, instead, to some person in no wise connected with the unlawful trans-

action, able to show a special and particular damage to himself, as distinguished from an injury sustained in common with others. *Butler v. Kent,* 19 Johns. ·(N. Y.) 223, 10 Am. Dec. 219. It nowhere appears in the first paragraph in what manner plaintiff was injured, or whether he was injured at all, except by the general and concluding allegation that he was damaged in a sum stated. This conclusion of law tendered no issuable fact. *International Harvester Co. v. Cameron,* 25 Okla. 256, 105 Pac. 189. There is, therefore, nothing in the first paragraph of the petition to show a right of action in the plaintiff. The statute does not authorize a recovery of damages in such case to a common informer, but to the innocent injured party. Suits against officers may be classified into actions the object of which is the maintenance of private rights, and those in which it is sought to uphold the rights of the public generally. In the former class no one should be allowed to sue whose rights are not alleged to have been violated by the officer against whom the action is brought. The first provision of the statute under which said action was brought does not attempt to confer such a right of action upon a citizen or taxpayer acting in the role of informer.

Does the second paragraph sufficiently state a cause of action? The reason for sustaining the demurrer does not appear in the journal entry, but it seems to be agreed by counsel that the trial court took the position that the petition did not show that demand in writing had been made on the county attorney of Dewey county to institute the action, upon the theory that the county attorney was the proper officer to bring such action. A careful reading of sections 7413 and 7414, *supra,* compels us to disagree with the judgment of the trial court in this regard.

The latter paragraph of the petition is, as we have seen, one accruing in favor of the township, and provides for a recovery of double the amount of all such sums of money wrongfully paid out, and double the value of property wrongfully transferred, as a penalty to be recovered at the suit of the proper officers of such township, or any resident taxpayer thereof as therein provided. It is further provided that upon the refusal, failure, or neglect of the proper officers of the township, after

written demand upon them by ten resident taxpayers of the township to institute proper proceedings at law or in equity for the recovery of any money or property belonging to such township, paid out or transferred by any officer thereof in pursuance of any unauthorized, unlawful, fraudulent, or void contract, made or attempted to be made by any of its officers, or for the penalty provided in the preceding section, any resident taxpayer of such township affected by such payment or transfer, after serving the notice aforesaid, and after giving bond for costs, may, in the name of the state of Oklahoma as plaintiff, institute and maintain any proper action at law or in equity, which the proper officers of the township might institute and maintain for the recovery of the property or penalty, one-half of the money and one-half of the value of the property recovered in any action maintained at the expense of a resident taxpayer to be paid to such taxpayer as a reward.

Manifestly the written demand and notice contemplated by the statute should be made upon the board of directors of the township, the words, "after written demand made upon them," referring to the officers of the township. This written demand to be made upon the officers is the notice referred to in the following provision of the statute enumerating the conditions precedent to the bringing of the action by a resident taxpayer. By statute organized townships are made a body politic and corporate, and may sue and be sued, and may appoint by its proper officers the necessary agents and attorneys in that behalf. Comp. Laws 1909, sec. 8713. Nor does the fact that the statute which requires county attorneys without fee to give opinions and advice to the board of county commissioners and other civil officers, and to prosecute and defend on behalf of the state or county, all actions or proceedings, civil or criminal, in which the state or county is interested or a party (Comp. Laws 1909, secs. 1594, 1596), affect the provisions of the statute under consideration. The language of the statute requiring the preliminary notice to be served upon the proper officers of the township, and not upon the county attorney, is too clear to admit of misconstruction. Not only this, but we think the Legislature acted wisely in pre-

scribing that the notice should be served upon the officers whose official conduct was attacked, and who were by statute made liable on account thereof. The right of action upon the failure, refusal, or neglect of the proper officers of the township to act was given to any resident taxpayer upon compliance with the provisions of the statute, the suit to be brought by him in the name of the state. The statute provides that a moiety of the recovery shall be paid to such taxpayer as a reward. If the amount of the recovery is for the full amount wrongfully paid out, the township would be reimbursed for the full amount due it, and this, we think, was the legislative purpose. The action should have been brought in the name of the state on the relation of plaintiff as a resident taxpayer of Trail township, but, as no objection to the manner in which the suit was brought was made, we simply make this observation as a guide in further or other proceedings of a like nature.

For the reasons named, the judgment of the trial court in sustaining defendants' demurrer to the second paragraph of plaintiff's petition should be reversed, and the cause remanded, with instructions to overrule the demurrer to said second paragraph, and for further proceedings in conformity to the views herein expressed.

By the Court: It is so ordered.