**STATE ex rel. SCHILLING v. OKLAHOMA CITY et al.**

No. 7198—Opinion Filed Oct. 9, 1917.

(168 Pac. 227.)

(Syllabus.)

1. **Municipal Corporations — Payment of Claims—Taxpayers' Action—Liability of Officers.**

By reason of sections 6777 and 6778, Rev. Laws 1910, upon performance of the conditions therein prescribed, an action may be maintained in the name of the state on the relation of one or more resident taxpayers of a city against the officers of a city who have allowed a claim and paid out money of the city in pursuance of any unauthorized, unlawful, or fraudulent contract, and against any person to whom or for whose benefit such money should have been paid to recover double the amount of money so misappropriated.

2. **Limitation of Actions — Municipal Corporations—Taxpayers' Action — Accrual.**

The right to institute such action does not accrue to such taxpayers until the performance of the conditions precedent prescribed by section 6778, and the statute of limitations against such action does not begin to run until the accrual thereof.

3. **Appeal and Error—Order Sustaining Demurrer—Review—Grounds for Decision.**

On appeal by a plaintiff from an order which sustained a demurrer to the petition on one of several grounds urged, this court

will consider all the grounds assigned, and the ruling thereon will be sustained if any of such grounds are well taken.

### 4. Municipal Corporations—Officers—Surety on Bonds—Liability.

The sureties upon the official bonds of the city commissioners of Oklahoma City are not liable on said bonds for the penalty prescribed by sections 6777 and 6778, Rev. Laws 1910, for wrongfully allowing and paying out moneys of the city upon a claim growing out of an illegal, unlawful, and fraudulent contract.

Error from District Court, Oklahoma County; James R. Tolbert, Assigned Judge.

Action by the State of Oklahoma, on relation of H. C. Schilling, against the City of Oklahoma City and others. Demurrer to petition sustained, and cause dismissed, and relator brings error. Reversed and remanded, with instructions to reinstate the petition.

Charles H. Ruth, for plaintiff in error.

Everest & Campbell, for defendants in error.

HARDY, J. Plaintiff in error, as plaintiff in the trial court, commenced this action against defendants to recover the sum of $40,624, alleged to be double the amount unlawfully paid out by certain defendants as officers of Oklahoma City, to defendant Shellenbarger upon an alleged unlawful, illegal, unauthorized, and void contract, for the purchase of certain property for park purposes. After setting out the facts upon which the alleged illegal contract was based and alleging the wrongful and unlawful payment of certain sums of money thereon, it is further alleged that relator, H. C. Schilling, and more than ten other resident taxpayers filed their demand in writing with the board of city commissioners, demanding that suit be instituted and diligently prosecuted by them for the recovery of the sum of $20,312 paid out upon said alleged illegal contract, and that upon their refusal to do so, this action was commenced on the 10th day of July, 1914. Defendants demurred to the petition upon the ground that: (1) There was a misjoinder of causes of action; and (2) that the petition did not state facts sufficient to constitute a cause of action. Upon the original hearing, it was stated by counsel for plaintiff and not denied, that in the trial court it was urged that plaintiff's right of action was barred by the statute of limitations, and that the demurrer was sustained upon this ground. Plaintiff declined to plead further, and the cause was dismissed, to which action exceptions were reserved, and this appeal prosecuted.

The only question argued in plaintiff's brief is whether the cause of action was barred at the time it was commenced, and this was the principal question discussed in the oral argument, although defendants insist that the petition was insufficient in other respects. This being an action to recover a statutory penalty, the proceeding must be commenced within one year after the cause of action accrued. Section 4657, Rev. Laws 1910; Territory ex rel. Johnston et al. v. Woolsey et al., 35 Okla. 545, 130 Pac. 934.

On the 22d of October, 1912, the board of city commissioners allowed and ordered paid to defendant Shellenbarger his claim in the sum of $20,312, and on the same day a warrant was issued in that amount upon which various sums were paid, the last payment being made July 10, 1913, in the sum of $1,440. Written demand by more than ten taxpayers that suit be brought to recover said sums so paid was made upon the board of city commissioners on February 19, 1914, and upon their refusal to do so, this action was commenced July 10, 1914. It is contended upon the part of defendants that a cause of action accrued to the city upon the allowance of the claim, or at least on the separate dates that each payment was made, and that the statute began to run against this action as of those dates, and that more than 12 months having expired from the date of such allowance and payments, the action was barred, while it is contended, upon the other hand, that the right to institute and maintain this action did not accrue until after the written demand was made upon the board of commissioners to institute suit for the recovery of said amounts and their refusal to do so, and that, having been commenced within a year of such demand and refusal, the action was instituted within time. Taking defendants' view of the law, that the statute runs from the date of each payment, the last payment was made July 10, 1913, and the petition filed herein July 10, 1914, and the action was therefore commenced within time as to the last payment, and the court committed error in holding that the action was barred even upon that theory. But we do not take this view of the law; the right to institute and maintain the action is given by sections 6777 and 6778, Rev. Laws 1910, which make every officer of every city or other municipal corporation therein enumerated liable to such city or other municipal corporation for double the amount of all moneys paid or property transferred in settlement of any claim known to such officers to be fraudulent or void or in pursuance of any unauthorized, unlawful, or fraudulent contract or agreement made or

attempted to be made for such city or other municipal corporation, and also make liable in like manner every person having notice of the facts with whom such unauthorized, unlawful, or fraudulent contract shall have been made or to whom or for whose benefit such money shall be paid or property transferred, and also give a right of action against such persons upon such cause of action to any resident taxpayer. Section 6778 prescribes the procedure necessary before the right to institute the action accrues to a resident taxpayer, which is that upon the refusal or neglect of the proper officers of such city or other municipal corporation, after written demand by ten resident taxpayers to institute or diligently prosecute proper proceedings at law or in equity for the recovery of such money or for the penalty in double the amount thereof, any resident taxpayer of such city or other municipal corporation, after service of the notice aforesaid and after giving security for costs, may, in the name of the state of Oklahoma, as plaintiff, institute and maintain any proper action which the proper officers of such city might institute and maintain for the recovery of said property or penalty, and such municipality shall be made defendant in such action and one-half of the amount of money and one-half of the value of the property recovered shall be paid to the taxpayer instituting and maintaining said suit as a reward. Under this statute when does the right to institute an action by a taxpayer accrue? When the right of action accrues to the city or when the steps prescribed by section 6778 have been taken? The language of the act seems clear that the notice required by section 6778 is a condition precedent to the right to commence the action, and until a written demand has been made upon the proper officers to bring suit by ten resident taxpayers, and their failure, neglect, or refusal to do so, that a taxpayer would have no authority to commence proceedings. This question was discussed in Territory ex rel. Johnston et al. v. Woolsey et al., supra, and it was there said:

"An action cannot be instituted by a taxpayer or taxpayers until two things have occurred, in addition to the unlawful act of the officers: First, the officer whose duty it is to prosecute an action for the recovery of the money misappropriated or the property wrongfully transferred and for the penalty must have failed to prosecute such action; and, second, such failure and refusal must have occurred after demand therefor by ten resident taxpayers of the city"

—and again in the same case, discussing the same proposition, the court said:

"Under the procedure prescribed, the right of action to a taxpayer does not accrue, unless the officers of the city whose duty it is to prosecute the action for the city refuse to do so after demand made by ten resident taxpayers of the city. In the event such officer or officers refuse to institute or diligently prosecute such an action 'for the recovery of any money or property belonging to such city, * * * or for the recovery of any penalty provided in section 2, * * *' then the resident taxpayers may institute and maintain 'an action for the recovery of such property or for such other penalty,' one-half of the money or one-half of the value of the property recovered in the action maintained by the taxpayers goes to the taxpayer as reward for his services and the other half to the city."

The same question was considered in McGuire v. Skelton et al., 36 Okla. 500, 129 Pac. 739, where it was said:

"The right of action, upon the failure, refusal or neglect of the proper officers of the township to act, was given to any resident taxpayer upon compliance with the provisions of the statute, the suit to be brought by him in the name of the state."

These decisions establish the proposition that a taxpayer has no right to institute an action until the steps required by section 6778 have been taken. If it were not so and the statute of limitations ran against this action concurrently with the right of the city, then the right to institute proceedings by a taxpayer would be concurrent with the right of action by the city and either action might be instituted as soon as the wrongful act had been committed or money paid out or property transferred. That this was not the intention of the Legislature seems clear, as the right of action is first given to the city to be maintained in its behalf by its proper officers, and in the event of their failure, refusal, or neglect to maintain same after demand by ten resident taxpayers, any resident taxpayer is then given the right to commence an action for the penalty, which only accrues upon failure of the officers to institute the suit after demand made that they do so. It will not do to say that the statute of limitations began to run against this action before the right to institute same had accrued.

Where some preliminary action is essential to perfect the right of instituting suit upon a claim or demand and such precedent action rests with the claimant and he is under no restraint or disability in the performance of such act, he cannot prevent the running of the statute of limitations by long and unnecessary delay in taking such preliminary action, but the statute will begin

to run in a reasonable time after he could, by his own act, have perfected his right of action, and such reasonable time will not, in any event, extend beyond the statutory period fixed for the bringing of such action. A., T. & S. F. Ry. Co. v. Burlingame Twp., 36 Kan. 628, 14 Pac. 271, 59 Am. Rep. 578; Edelhoff v. State, 5 Wyo. 19, 36 Pac. 628; Wey v. Schofield, 53 Kan. 248, 36 Pac. 333; 25 Cyc. 1198. The reason for this rule ceases, however, when the right of action is not under his control, but depends upon some act to be performed by another or others; and, in that event, the cause of action does not accrue and the statute does not begin to run until the performance of the act which is a condition precedent to the commencement of the action. 25 Cyc. 1198.

It was not within the power of relator to comply with the condition precedent before the right to institute this action commenced. The demand upon the proper officers of the city to bring suit must be made by ten taxpayers, and until this demand was made a taxpayer could not commence an action. The officers of the city had the right to bring suit at any time within one year, and if demand had been made before the expiration of that time and they had expressed a willingness to do so, but failed, then a question would be presented as to when plaintiff's right to institute an action would accrue. Would it be within a reasonable time after demand was made, and, if so, how was that matter to be determined? If demand was made shortly before the expiration of one year, would the right extend beyond that period? Should suit be commenced by the proper officers within the year and not be prosecuted with diligence, and after the expiration of the statutory time be dismissed by the officers bringing same, would the taxpayer be without a right of action? The statute gives the right upon the refusal, failure, or neglect of the proper officers after written demand by ten taxpayers to institute or diligently prosecute such proceedings, and though a proceeding be instituted, if the officers bringing same abandon or neglect to diligently prosecute it, then the right accrues to the resident taxpayer upon complying with the conditions in section 6778. Some of these contingencies upon which the taxpayer's right of action depends might happen after the expiration of 12 months from the time the cause of action accrued to the city, and upon the happening of such contingencies an action might be commenced upon the relation of a taxpayer, otherwise the statute would be of no avail; for officers, desiring to prevent such litigation and to avoid liability for their wrongful acts, could institute suit upon demand being made, and, after the expiration of one year, dismiss or abandon same, thus leaving the taxpayer without a remedy. It was to prevent this that the right of action to the taxpayer was given, and the statute did not commence to run until relator's right to institute the suit had matured by performance of the conditions precedent prescribed by section 6778.

Defendants say that relator had no real interest in the cause of action, which belongs to the city, and that he is only allowed to use the name of the state for the use and benefit of the city. In the event a recovery is had, one-half of all moneys collected will be paid to him as a reward; he is required to give security for costs, and he therefore has a substantial interest in the subject-matter of the litigation. In Territory ex rel. Johnston v. Woolsey et al., supra, it was said:

"The state has no interest in the action: it receives no benefit from its prosecution; and, although it is made by the statute the nominal party, the real parties in interest are the informers, * * * and the only persons authorized to inform and prosecute the action in the name of the state are resident taxpayers."

The order sustaining the demurrer expressly states that it was based upon the second ground thereof, which we have discussed. However, in passing upon the correctness of the court's ruling, we are not confined to the reasons given for sustaining the demurrer and dismissing the plaintiff's cause of action or to the particular grounds of the demurrer, but will consider all of the grounds assigned and sustain the order if any of such grounds are well taken. Leahy v. Indian Territory Illuminating Oil Co., 39 Okla. 312, 135 Pac. 416; James v. Coleman, 64 Okla. 99, 166 Pac. 210.

The petition is drawn upon the theory that the action was for a statutory penalty, and that the sureties upon the bond of the respective city commissioners were liable therefor to the extent of the penalty stated in the bonds. The facts alleged stated a cause of action against defendants Shellenbarger and the defendants comprising the board of city commissioners which, under the statute, may be prosecuted against them jointly or severally, and as to these defendants the petition stated a cause of action, and the demurrer of said defendants should have been overruled. As to the sureties on the respective bonds of the defendants comprising the board of city commissioners, a different situation is presented. There is no

provision in the statute which makes the bonds of the commissioners liable for such penalty. The obligation of the sureties upon the official bond of the commissioners is that the sureties will answer any damage that may result from a breach of the bond. It is not that the principal will respond to such fines and penalties for official misconduct as may be prescribed by law. Fines and penalties are imposed by way of punishment, and are sometimes incurred irrespective of actual damage or loss suffered by any one. Thus officers may be fined or have judgment rendered against them for penalties in a case where only nominal damages could be recovered on his official bond. (1) Lowe v. City of Guthrie, 4 Okla. 287, 44 Pac. 198; (2) Hixon v. Cupp, 5 Okla. 545, 49 Pac. 927; (3) Eccles v. Walker, 75 Neb. 722, 106 N. W. 977; (4) State v. Flynn, 157 Ind. 52, 60 N. E. 684; (5) McDowell v. Burwell's Administrator, 4 Rand. (Va.) 317; (6) Brooks v. Governor, 17 Ala. 806; (7) Jeffreys v. Malone, 105 Ala. 489, 17 South. 21; (8) State v. Bagby, 160 Ind. 669, 67 N. E. 519; (9) Murfree, Official Bonds, § 654.

It seems clear that the Legislature had in mind in enacting this statute that the penalty was to be assessed against the officer for his violation of duty. Penalties of this character are never extended by implication, nor are sureties upon official bonds held beyond what is clearly within the scope of their undertaking, and when a penalty is inflicted by statute for the doing or not doing of certain acts and the statute does not specifically declare that the sureties upon the bond of the official shall be liable therefor, the penalty is not within the terms of their obligation. If the Legislature had intended making the sureties liable for this penalty, it would have been an easy matter to have said so. Eccles v. Walker, supra, and authority cited. State v. Flynn, supra.

The petition did not state facts sufficient to constitute a cause of action against the respective sureties on the bonds of the defendants comprising the board of city commissioners, and the demurrer of said defendants should have been sustained.

If it be contended that the petition intended to state a cause of action against defendant Shellenbarger and the city commissioners for the penalty and against the respective sureties on the bonds of the city commissioners for a liability within the terms of their bonds, then there is clearly a misjoinder of causes of action, and it would have been proper to sustain the demurrer upon that ground.

The judgment is reversed, and the cause remanded, with instructions to reinstate plaintiff's petition and to proceed further in accordance with the view herein expressed.

All the Justices concur.