**STATE ex rel. ESTILL v. BOARD OF COUNTY COM'RS, PONTOTOC COUNTY, et al.**

No. 15998—Opinion Filed Sept. 14, 1926.

**1. Limitation of Actions—Action by Municipality for Statutory Penalty Against Officers.**

An action by a municipality to recover the penalty provided by section 8590, C. S. 1921, can only be brought within one year from the time the cause of action accrued.

**2. Same—Taxpayers' Action to Recover Penalty—Time for Demand Upon Officers to Sue.**

The demand required by section 8591, C. S. 1921, to be made upon municipal officers as a condition precedent to the right of a taxpayer to sue to recover the penalty provided by section 8590, must be made before the municipality's right of action is barred by the statute of limitation.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Pontotoc County; Geo. C. Crump, Assigned Judge.

Action by E. V. Estill against the Board of County Commissioners of Pontotoc County and others, to recover penalty prescribed by sections 8590 and 8591, C. S. 1921. A demurrer was sustained to plaintiff's petition. Plaintiff appeals. Affirmed.

W. F. Schulte, for plaintiff in error.

Boynton & Reilly, Edward Spiers, Saunders & Emerick, Trice & Davidson, A. L. Bullock, R. C. Roland, Wimbish & Duncan, C. F. Green, J. F. McKeel, H. F. Mathis, King & Delaney, B. H. Epperson, King & Crawford, J. W. Dean and J. B. Dudley, for defendants in error.

Opinion by RAY, C. The only question necessary to be considered is that of the statute of limitation. This suit was commenced under sections 8590 and 8591, C. S. 1921, by a resident taxpayer of Pontotoc county, to recover double the amount of certain money alleged to have been unlawfully paid out by the responsible officer of that county to certain parties named and made parties defendant. Sections 8590 and 8591, C. S. 1921, provide:

"Section 8590. Every officer of any county. * * * who shall order or direct the payment of any money or transfer of any property belonging to such county. * * * in settlement of any claim known to such officers to be fraudulent or void, or in pursuance of any unauthorized, unlawful, or fraudulent contract, or agreement made, or attempted to be made, for any such county, * * * by any officer thereof, and every person, having notice of the facts, with whom such unauthorized, unlawful or fraudulent contract, shall have been made, or to whom, or for whose benefit such money shall be paid, or such transfer of property shall be made, shall be jointly and severally liable in damage to all innocent persons in any manner injured thereby, and shall be furthermore jointly and severally liable to the county, * * * affected, for double the amount of all such sums of money so paid, and double the value of property so transferred, as a penalty, to be recovered at the suit of the proper officers of such county, * * * or of any resident taxpayer thereof, as hereinafter provided.

"Section 8591. Upon the refusal, failure, or neglect of the proper officers of any county, * * * after written demand made upon them by ten resident taxpayers of such county, * * * to institute or diligently prosecute proper proceedings at law or in equity for the recovery of any money or property belonging to such county, * * * paid out or transferred by any officer thereof in pursuance of any unauthorized, unlawful fraudulent, or void contract, made, or attempted to be made, by any of its officers for any such county, * * * or for the penalty provided in the preceding section, and resident taxpayer of such county * * * affected by such payment or transfer, after serving the notice aforesaid and after giving security for cost, may, in the name of the state of Oklahoma, as plaintiff, institute and maintain any proper action which the proper officers of the county, * * * might institute and maintain for the recovery of such property. or for said penalty; and such municipality shall in such event be made defendant, and one-half the amount of money and one-half the value of the property recovered in any action maintained at the expense of a resident taxpayer under this section. shall be paid to such resident taxpayer as a reward."

It is conceded by the plaintiff in his brief that the county's cause of action accrued on the 21st day of February, 1921. The demand served upon the proper county officer to institute and diligently prosecute proceedings at law or in equity for the recovery of the money, if served at all, was served on April 17, 1922, and the suit was commenced June 26, 1922.

Plaintiff concedes that this is an action to recover a penalty and must be brought within one year under the 4th subdivision of section 185, C. S. 1921, which provides that an action upon a statute for penalty or forfeiture, except where the statute im-

posing it prescribes a different limitation, may be brought within one year, but contends that the county's right of action was not barred by that subdivision of the statute, but is controlled by the second subdivision, which provides that an action upon a contract, express or implied, not in writing, may be brought within three years.

State ex rel. Schilling v. Oklahoma City, 67 Okla. 18, 168 Pac. 227, is relied upon to sustain plaintiff's contention that the statute does not begin to run, as against the suit of a taxpayer, until demand has been made upon the proper officers by ten resident taxpayers to institute the proper action. In answer we quote the language of Justice Kane in State ex rel. Gooch v. Drumright et al., 88 Okla. 244, 212 Pac. 991:

"Counsel for the plaintiff contends that this question is settled in his favor in the case of State ex rel. Schilling v. Oklahoma City, 67 Okla. 18, 168 Pac. 227, wherein it was held:

' " 'The right to institute such action does not accrue to such taxpayers until performance of the conditions prescribed by section 6778, and the statute of 'limitations against such action does not begin to run until the accrual thereof.'

"While this excerpt, standing alone, may seem to be in point in plaintiff's favor, yet, when the case is viewed as a whole, we do not believe that it is entitled to the controlling weight claimed for it. In that case it appears that the demand was made and the notice given before the cause of action against the city was barred by the one-year statute of limitations, while in the case at bar it appears that the demand was not made nor the notice served until after the bar of the one-year statute had fallen against the cause of action against the city.

"In these circumstances the earlier case of Purcell Bank & Trust Co. v. Byars, 66 Okla. 70, 167 Pac. 216, is more nearly in point. It was held:

" 'Where a demand is required to perfect a cause of action, such demand must be made within a reasonable time, and the party entitled to make demand cannot extend the running of the statutes of limitation by delay in making demands.' "

Further on in that opinion it was pointed out that it was not held in the Schilling Case that demand to institute the suit may be made after the one-year statute of limitation had run. It was then held that in the absence of circumstances justifying or excusing delay, the one-year statute of limitations cannot be extended by delay in making demand upon the proper municipal officers until the action by the municipality is barred by lapse of time.

No excusable delay in making the demand upon the board of county commissioners is made to appear in this case. The demand was made after the county's right of action was barred by lapse of time. To contend that the taxpayers may thereafter maintain the action is to ignore the plain language of the statute under which the action is brought. The taxpayer's right to bring suit depends upon a previous demand upon the county commissioners to institute or diligently prosecute proper proceedings at law or in equity, and their refusal, failure, or neglect to bring the suit. By a demand upon the board of county commissioners to bring the action, its right and power to do so is implied, but after the statute has run it has no such right of action. It is barred by law. It was clearly the legislative intent that demand should be made at a time when the municipality, through its proper officers, has the right and power to comply or refuse to comply with the demand.

For the reasons stated, the judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 37 C. J. p. 788, § 129. (2) 37 C. J. p. 790, § 130.