### VAUGHAN et al. v. LATTA.

No. 23771.   June 5, 1934.

Rehearing Denied June 26, 1934.

Bleakmore & Barry and Mauntel & Spellman, for plaintiffs in error.

D. P. Parker, for defendant in error.

WELCH, J. The plaintiff sought to institute and maintain the action under sections 5964 and 5965, O. S. 1931. Those sections authorize a taxpayer of a town to maintain an action to recover property or money of the town transferred or paid out illegally or without authority. The purpose of this action is to recover certain property transferred to defendants by the officers of the town of May, and to recover certain sums of money from the defendants by way of accounting for the same to the town of May. Such action is authorized to be maintained for the joint benefit of the taxpayer and the town. Such action, however, may be instituted and maintained only after compliance with the various provisions of the statute above referred to.

The defendants in this appeal attack the validity of the judgment for failure to comply with the provisions of the statute.

The statute requires that before a taxpayer may commence such suit, there must be a demand upon the officers of the town that they bring the action, and it is only after the officers have neglected or failed to commence the action, or diligently prosecute an action, that the taxpayer may act. This demand must be in writing and must be signed by at least ten taxpayers. No such demand was made prior to the commencement of this action. See State ex rel. Schilling v. Oklahoma City et al., 67 Okla. 18, 168 P. 227, wherein the court said:

"The language of the act seems clear that the notice required by section 6778 [Rev. Laws 1910] is a condition precedent to the right to commence the action, and until a written demand has been made upon the proper officers to bring suit by ten resident taxpayers, and their failure, neglect, or refusal to do so, that a taxpayer would have no authority to commence proceedings."

See, also, State ex rel. Estill v. Board of Commissioners of Pontotoc County et al., 119 Okla. 215, 249 P. 394.

This defect was apparently noted by plaintiff and a demand was presented to the officials signed by 19 taxpayers. However, that was some months after this action had been commenced, and cannot be relied upon as satisfying this requirement of the statute that such demand be made before a taxpayer may commence such an action.

The plaintiff, Charles W. Latta, seeks to commence and maintain this action in his own name. That is not authorized by the statute. The action may be maintained only in the name of the state on the relation of the taxpayer. An action prosecuted under these statutory provisions is in the nature of a special proceeding.

These statutes, in effect, transform a private citizen and taxpayer into a representative of the state for the purpose of protecting, in the name of the state, the property rights of the state and municipal subdivisions thereof, in cases where the regularly constituted authorities neglect or refuse to afford such protection. State ex rel. Schilling v. Oklahoma City, supra. This role can be assumed, however, by the taxpayer only after certain preliminary requirements enumerated in said statute have been met.

494

In McGuire v. Skelton, 36 Okla. 500, 129 P. 739, this court, in discussing the right of a taxpayer to bring an action under the statutory provisions under consideration here, said:

"The right of action upon the failure, refusal, or neglect of the proper officers of the township to act, was given to any resident taxpayer upon compliance with the provisions of the statutes, the suit to be brought by him in the name of the state."

In State ex rel. Schilling v. Oklahoma City, supra, will be found a discussion of the authorities to the effect that before a taxpayer may maintain an action under sections 5964 and 5965, O. S. 1931, the requirements thereon must be met.

As a further failure to comply with the statute above referred to, it is pointed out that the town of May was not named as a party to the action. This action was commenced by the plaintiff in his own name as sole plaintiff against the three named persons as sole defendants. These defendants were the persons from whom it was sought to recover the property and money for the town. The town was in no manner designated as a party to the action. The language of the statute, section 8591, C. O. S. 1921 (5965, O. S. 1931), seems clear that in such case the municipality must be designated as a party. In no other way could the municipality have its day in court, and have its rights considered, nor be bound by the judgment rendered. It is suggested that the plaintiff, in his petition, stated that the action was brought for the benefit of the town of May, and that such allegation should have the effect of making the town a party, but to that we cannot agree. The trial court in rendering judgment for the plaintiff, Charles W. Latta, adjudged and decreed that the property in suit be delivered by the defendants to the town of May, and directed a receiver to hold it until the town of May should elect to take, receive, and operate the property, or the receiver to hold it until discharged by the court. This may have been an effort on the part of plaintiff, acquiesced in by the trial court, to cure the error of the failure to make the town a party to the action, but it must be obvious that these recitals in the journal entry could not have the effect of making the town a party, and could not constitute compliance with the statute requiring the town to be designated as a party to the action.

The effect of the failure to make the town a party apparently came to the attention of the plaintiff, and a subsequent effort was made to name the town as a party. However, this effort came long after judgment in the trial court, and long after this appeal had been lodged in this court. Judgment was rendered in the trial court on December 22, 1931, and this appeal lodged here June 18, 1932. Plaintiff in error filed brief January 7, 1933. Thereafter, in May, 1933, the board of trustees adopted a resolution to intervene in the case, both in the trial court and in this court. The trial court then permitted the town to intervene there, and thereafter, in August, 1933, the town purported to intervene here. The town presents a brief, but no authority is cited by the town or the plaintiff for such addition of a necessary party in this court, who was not a party in the trial proceedings. To state the proposition would seem to answer the question that it cannot be done, as this court on appeal can consider only that which is contained in the record from the trial court.

In the case of In re Waters of Chewaucan River, 89 Ore. 659, 171 P. 402, the Supreme Court of Oregon said:

"The Supreme Court is a court of appellate jurisdiction only, and cannot admit interveners who were strangers to the proceeding below."

And in Youngberg v. Youngberg, 44 S. D. 1, 181 N. W. 835, the Supreme Court of South Dakota said:

"Intervention should not be allowed for the first time in the appellate court, under Rev. Code, 1919, sec. 2322."

We believe the above-quoted expressions of the Oregon and South Dakota Supreme Courts is the correct rule to follow in the instant case.

These matters were presented to the trial court by defendants' demurrer to petition, demurrer to the evidence, and motion for new trial.

In the trial court this cause was originally tried on November 24, 1931. At that time the plaintiff introduced the testimony of various witnesses and his exhibit evidence, and rested, and the defendants introduced their testimony and rested. This is shown on pages 67-247, inclusive, of the record. No order of continuance or postponement is shown, but further proceedings were had on December 22, 1931. On that day the plaintiff was permitted to file an amendment to his petition. This amendment alleged additionally, in substance, that the demand had been presented to two members of the town board of trustees, they being

the plaintiff, Charles W. Latta, and one A. E. Price; that the third member of the board was not present; that the plaintiff voted to accede to the demand and to intervene the town of May, while the said Price voted in the negative . This amendment stated that the plaintiff thereby made the said A. E. Price a party defendant, but it does not appear that any process was issued or served upon him, or that he entered any appearance. And it was upon the same day that the trial was concluded and the judgment was rendered. There is nothing in this proceeding to indicate compliance with the requirements of the statutes as to the commencement and maintenance of such an action by a taxpayer. If a meritorious cause of action exists against the defendants to recover property or money belonging to the town of May, it is unfortunate that an action has not been instituted therefor, either by the town of May or by the plaintiff, or some other taxpayer, in the manner authorized by law. This action and the judgment rendered cannot be sustained for lack of the required demand before suit, and for failure of plaintiff to institute the suit in the name of the state, and failure to make the town of May a party to the action, the judgment is reversed and the cause remanded, with directions to dismiss plaintiff's petition, and after proper accounting, to discharge the receiver and restore possession of the property as before receivership.

RILEY, C. J., and SWINDALL, McNEILL, and BAYLESS, JJ., concur.