STATE ex rel. LOCKHART et al. v. BOARD OF COM'RS OF LINCOLN COUNTY et al.

No. 32103.   Oct. 22, 1946.

*173 P. 2d 725.*

W. L. Johnson, of Chandler, for plaintiff in error.

Walter F. Hill, Co. Atty., and Walter G. Wilson, Asst. Co. Atty., both of Chandler, for defendant in error Board of County Commissioners.

M. A. Cox, of Chandler, for defendant in error S. U. Silverthorn.

Embry & Sutton, of Chandler, for defendants in error Oliver Ingenthron, Bert Satterfield, and Jerome Leder.

WELCH, J. It is urged that the appeal should be dismissed because the appeal is by transcript.

The trial court sustained demurrer to the petition and upon refusal of plaintiff to amend dismissed the action. In urging dismissal of this appeal it is said that plaintiff's election to stand or the refusal to amend is equivalent to a motion by plaintiff to dismiss, and that such a motion to dismiss cannot be reviewed upon transcript. We do not agree that such proceedings amounted to a motion on the part of plaintiff to dismiss.

It is further urged that the appeal should be dismissed because it is said that the two plaintiffs have here joint assignments of error when they have no joint cause of action.

In that respect it is pointed out that one of the taxpayers named as plaintiff did not sign the demand for suit. This appeal does not involve a question of misjoinder of parties plaintiff. The action taken by the trial court related to demurrers and a dismissal of plaintiff's petition. We do not need to determine herein whether one of the persons named as plaintiff is a proper party plaintiff under 62 O.S. 1941 §373, under which the action is brought, because defendants cannot thereby be prejudiced. Territory ex rel. Johnston, Co. Atty., v. Woolsey, 35 Okla. 545, 130 P. 934. Taxpayers entitled to sue under the statute, supra, have a joint cause of action. No cause for dismissal of this appeal is therefore shown.

One of the principal questions in controversy is whether the petition states a cause of action. The same alleges that the defendant county officials sold to the defendant Hays a brick business building in the town of Wellston, which had been acquired by the county at resale. That same was of a value of $3,400, with a monthly rental value of $40, and that same was sold for the sum of $40; that said officials conspired together with the view and for the purpose of transferring the property to the purchaser for an inadequate consideration, and that said officials knew the true value of the property. We need not particularize the many other details alleged therein.

We have no doubt that an allegation to the effect that county officials charged with the responsible duties of disposing of real estate held by the county by purchase at resale, knowingly caused same to be transferred to one at a small fraction of its true value as known to them is sufficient to state a prima facie case of fraud and is sufficient to withstand a demurrer directed at the sufficiency of the petition to state a cause of action.

Defendants say that this character of action is not authorized by the statute, supra, citing State ex rel. Sweeney v. Oklahoma Natural Gas Corp., 177 Okla. 62, 57 P. 2d 626, and other cases wherein this court held that the particular cause was not thereby authorized.

We observe that 62 O. S. 1941 § 372 provides that:

"Every officer of any county . . . who shall hereafter order or direct the payment of any money or *transfer* of *any property* belonging to such county . . . or in pursuance of any unauthorized unlawful or fraudulent contract or agreement made or attempted to be made . . . by any officer thereof, and every person having notice of the facts, with whom such unauthorized unlawful or fraudulent contract shall have been made, or to whom, or for whose benefit . . . such transfer of property shall be made, shall be jointly and severally liable . . ." (Emphasis ours.)

Section 373, same title, supra, gives these plaintiffs the same right to sue which the officers had under section 372. Herein it is alleged that the defendants fraudulently conspired and fraudulently conveyed property belonging to the county, and it seems certain that if such allegations are sustained by the proof the defendants are made liable under the above-quoted plain provisions of the statute, and such action may be brought by these plaintiffs by authority of and after complying with section 373.

Defendants further insist that the transfer of such property is a discretionary matter for which they are not liable, citing Dickey v. Cordell, 176 Okla. 205, 55 P. 2d 126. That opinion is not authority for the contention that fraudulent acts are protected by the rule that mistakes made in the exercise of discretionary duties excuse from civil liability. The rule of the cited case clearly excludes willful misconduct. See also State ex rel. Elsey v. Silverthorn, 195 Okla. 696, 161 P. 2d 858.

It is urged that the demand for suit was not properly served upon defendants, citing McGuire v. Skelton, 36 Okla. 500, 129 P. 739.

We deem it premature to indulge in extended discussion of this point at this time. The petition as a whole, with the attached exhibits, may well be construed as specifically alleging that the notice or demand was personally delivered to, served upon, and received by the individual defendants. A purpose of such a demand is to advise the proper officials as to what is required or demanded of them, and furnish them an opportunity with sufficient time to act and perform and thus avoid personal liability. It might be or become a matter of defense if the method of serving demand, established upon trial, did not fairly serve the above purpose, or if the method of serving operated in fact to deprive some defendant of a substantial right, or to unduly prejudice the position of some defendant. But we are now considering the matter only upon demurrer to the petition. For the purpose of the demurrer all allegations of the petition are deemed admitted. In view of the allegations of the petition and the admissions above referred to, we find no merit in this contention as upon demurrer.

Another question is whether the petition shows the cause of action to be barred by the one-year statute of limitations, 12 O. S. 1941 §95, and subsection 4 thereof.

The transfer of the property was made on July 31, 1942. The demand for suit was made on June 12, 1943, and this action was brought on June 3, 1944.

This action could not have been brought by these plaintiffs until after the demand for the suit was given, as no cause accrued to plaintiffs until after such demand was made, and the statute of limitation does not begin to run until the accrual of the cause of action. State ex rel. Schilling v. Oklahoma City, 67 Okla. 18, 168 P. 227.

Defendants rely upon Estill v. Board of Com'rs of Pontotoc County, 119 Okla. 215, 249 P. 394, and Gooch v. Drumright, 88 Okla. 244, 212 P. 991. In those cases the demand for suit was not made until the statute had run. That is not true in this case. Here the demand was made before the expiration of one year, and this suit was brought within one year after the demand.

The Schilling Case is controlling here.

Reversed.

GIBSON C. J., HURST, V. C. J., and RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur.