Fairley v. Davis, Adm'x.

--------

## FAIRLEY v. DAVIS, Adm'x.

1. An action of debt *qui tam*, to recover the penalty for issuing a marriage license to a minor, without the consent of his parent or guardian, is abated by the death of the plaintiff, so that it cannot be revived by his personal representative.— *Quere*—Whether it might not have been continued by the State.

WRIT of error to the Circuit Court of Wilcox county.

Action of debt *qui tam* by Israel Davis, to recover the penalty given by statute against the defendant as clerk of the county court of Wilcox county, for issuing a marriage license to a minor without the consent of his parent or guardian. After the cause was at issue, the death of the plaintiff was suggested, and Jane

Davis, his administratrix, made a party by whom the suit was prosecuted to judgment. This, among other matters, is assigned as error.

DEAR, for the plaintiff in error.

GEO. W. GAYLE, *contra*, argued that the commencement of the suit entitled the party to the penalty. [———— v. ————, 6 John. 101; 3 Black. Com. 159; Rowe v. The State, 2 Bay, 565; 1 Viner's Ab. 211; 12 Mod. 267; 1 Bacon's Ab. action *qui tam*, d.]

GOLDTHWAITE, J.—We think this action is within the maxim, that personal actions die with the person, although in form, it is an action *ex contractu*. We have examined the authorities referred to by the counsel for the defendant in error, but find nothing in them to warrant the impression that this action will survive. Indeed, the very absence of all direct authority on this point, is persuasive, that it has never been supposed to be of that class. In the case of Kirkham v. Wheely, [3 Salk. 282,] it is said that when the informer, in such an action as this, dies, there is an end of the suit, and the King is not entitled until recovery had. In 1 Viner's abridgement. 212, it is said, that if the common informer die, the attorney general may proceed for the crown. This would scarcely have been said, unless the suit abated as to the common informer. On looking into the cause of Hammer v. Gryffith, [Cro. El. 583,] we perceive in a case where the informer died, Lord Coke, (then attorney general) inquired of the court if he might not proceed for the queen; and the court held that he might; for the reason that it had been allowed to an informer to proceed for his part, notwithstanding a *nolle prosequi* by the crown; and so likewise, when the queen will pardon, for it is only as to her part.

In the absence of any authority, leading to the conclusion that such suits survive, we are constrained to declare our conviction, that they do not. Whether the State was entitled to proceed in the matter, is not a question for us now to decide.

Judgment reversed.