# Willis v. Byrne, Admr.

*Action to Recover Statutory Penalty.*

1. *Liability of probate judge for issuing marriage license to a minor without consent of parent or guardian; being misled is no defense.*—It is no defense to an action against a probate judge to recover the statutory penalty for issuing a marriage license to one under age, without the consent of the parent or guardian, that the judge was misled or deceived into believing such consent had been given ; such consent must have been given in point of fact.

2. *Same; action to recover statutory penalty; abated by death of either party.*—In the absence of statutory provision, the death of either party to an action to recover a statutory penalty abates the action ; and an action against a probate judge to recover the statutory penalty for issuing marriage license to one under age, without the consent of the parent or guardian, is incurably abated by the death of the judge.

APPEAL from the Circuit Court of Baldwin.
Tried before the Hon. JAMES T. JONES.

The appellant brought an action against William H. Gasque, as probate judge of Baldwin county, to recover the statutory penalty of two hundred dollars for issuing a license of marriage to his (plaintiff's) daughter, who was a minor under 18 years of age, without having obtained the consent of the plaintiff for issuing said license. The testimony for the plaintiff tended to show that his daughter, Belle Willis, was, at the time of the issuance of the license, not 15 years of age, lacking a few days; that he did not give his consent to her mar-

riage, or to the issuance of the license of marriage; and that the probate judge did not obtain his consent either orally or in writing. The testimony for the defendant tended to show that when applied to for the license, he refused to issue it, but was led to believe and was told by the man who applied for the license, that the father of the girl had given his consent, and upon this representation, he issued the license.

Upon the introduction of all the evidence, the court, in its charge to the jury, instructed them, among other things, as follows: "If you believe from the evidence that the defendant was led to believe, and actually believed that the father, Samuel Willis, consented to said marriage, or to the issuance of the license, then the plaintiff can not recover in this case." To the giving of this charge the plaintiff duly excepted, and also excepted to the court's refusal to give the following charge requested by him in writing: "If the jury believe the evidence, they must find for the plaintiff."

There was judgment for the defendant, from which judgment the plaintiff appealed to this court. Pending the appeal in this court, the defendant died, and the cause was revived in the name of his administratrix.

W. D. McKINSTRY, R. INGE SMITH, and J. I. CLEMMONS, for appellant.

WILLIAM S. ANDERSON, *contra.*

BRICKELL, C. J.—The consent of a parent or guardian, that a license may be issued for the marriage of a minor, is a consent preceding, or attending the issue of the license. It may be expressed to the judge of probate personally, or communicated to him in writing. Code, § 2315. If it is not in either of these modes expressed, but was in fact given, the statutory penalty is not now recoverable.—Code, § 2319. But it must have been given in point of fact; if it was not given, however the judge of probate may have been misled or deceived as to the fact by others than the parent or guardian, the statutory penalty is recoverable. The judge can readily protect himself, by requiring the consent to be expressed to him personally, or communicated to him in writing. It is his own fault, or misfortune, if he is

[Bynum v. Gold.]

misled or deceived by information derived from others. It is obvious the circuit court erred in the instructions given the jury, and in the refusal of the instruction re-quested by the appellant. The errors compel a reversal of the judgment.

The death of the original defendant pending the appeal, operates an abatement of the cause of suit. In the absence of express statutory provision, actions for the recovery of statutory penalties—actions which are in their nature penal—do not survive. The death of either party, plaintiff or defendant, is an incurable abatement.—*Fairley v. Davis*, 6 Ala. 375; *Jones v. Brooks*, 30 Ala. 588. The cause of action not surviving, the case will not be remanded.—*Cox v. Whitfield*, 18 Ala. 738.

Reversed.