## STATE ex rel. GOOCH v. DRUMRIGHT et al.

No. 10776—Opinion Filed Feb. 13, 1923.

(Syllabus.)

1. **Limitation of Actions—Statutory Penalties.**

Section 4657, Rev. Laws 1910, provides, in substance, that an action upon a statute for penalty or forfeiture can only be brought within one year after the cause of action has accrued.

2. **Municipal Corporations — Taxpayers' Action Against Officers for Statutory Penalty—Limitations.**

While the right to institute the cause of action provided for by section 6777, Rev. Laws 1910, does not accrue to a taxpayer until the demand and notice required by section 6778 are given, yet the demand and notice must be given within a reasonable time, and a reasonable time. in the absence

of circumstances justifying or excusing longer delay, is the time limited by the statute of limitations for the commencement of such action against the municipal officers.

### 3. Same—Sufficiency of Petition.

For the reasons stated in the opinion, the trial court did not err in sustaining the demurrer to plaintiff's petition.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by the state, on the relation of M. S. Gooch, against Aaron Drumright, the City of Drumright, and others to recover statutory penalty. Judgment for defendants, and plaintiff brings error. Affirmed.

George B. Rittenhouse, F. A. Rittenhouse, and P. T. McVey, for plaintiff in error.

Thrift & Davenport, for defendants in error.

KANE, J. This was an action commenced by the state, on relation of M. S. Gooch, as plaintiff, against the defendants in error for the purpose of recovering a large sum of money as a penalty pursuant to the provisions of sections 6777 and 6778, Rev. Laws 1910.

Section 6777, supra, provides generally that every public officer shall be jointly and severally liable to the municipality for double the amount of all sums of money coming into his hands who shall direct the payment of any money or transfer of any property belonging to such municipality in settlement of any claim known to such officer to be fraudulent or void, or in pursuance of any unauthorized, unlawful, or fraudulent contract or agreement made or attempted to be made for any such municipality. And section 6778. supra, provides, in substance, that any taxpayer may institute suit to enforce this liability on failure or neglect of the proper officers to do so after written demand and notice made upon them by ten resident taxpayers of such municipality. In such event, the statute further provides, one-half the amount of money and one-half the value of the property recovered shall be paid to such resident taxpayer as a reward.

The petition of the plaintiff alleged, in substance, that the demand was made and the notice given as required by the statute, and no action having been taken by the municipal authorities, this cause of action accrued to the plaintiff as a taxpayer.

Thereafter the defendants filed a demurrer to the petition of the plaintiff, which

demurrer was sustained by the trial court, and it is to reverse this action that this proceeding in error was commenced.

While the demurrer to the petition was sustained generally, the principal question involved in the trial court and presented for review in this court is whether the action of the plaintiff was barred by the one-year statute of limitation (section 4657 Rev. Laws 1910) which provides, in substance, that an action upon a statute for penalty or forfeiture can only be brought within one year after the cause of action has accrued.

Counsel for the plaintiff contends that this question is settled in his favor in the case of State ex rel. Schilling v. Oklahoma City, 67 Okla. 18, 168 Pac. 227, wherein it was held:

"The right to institute such action does not accrue to such taxpayers until performance of the conditions prescribed by section 6778, and the statute of limitations against such action does not begin to run until the accrual thereof."

While this excerpt, standing alone, may seem to be in point in plaintiff's favor, yet, when the case is viewed as a whole, we do not believe that it is entitled to the controlling weight claimed for it. In that case it appears that the demand was made and the notice given before the cause of action against the city was barred by the one-year statute of limitations, while in the case at bar it appears that the demand was not made nor the notice served until after the bar of the one-year statute had fallen against the cause of action against the city.

In these circumstances the earlier case of Purcell Bank & Trust Co. v. Byars, 66 Okla. 70, 167 Pac. 216, is more nearly in point. It was held:

"Where a demand is required to perfect a cause of action such demand must be made within a reasonable time, and the party entitled to make demand cannot extend the running of the statutes of limitation by delay in making demand."

In Kraft v. Thomas (Ind.) 24 N. E. 346, it was held:

"Although the cause of action did not accrue until a demand was made, yet the demand should have been made within a reasonable period from the time it might have been made. A reasonable time, in the absence of circumstances justifying or excusing longer delay, is the time limited by the statute for the commencement of the action. If the rule was otherwise, a party, by his own act or failure to act, could preclude the running of the statute of limitations until such time as might suit his

interest, convenience, or pleasure to put it in motion."

The court in the Schilling Case does not hold that the demand to institute suit may be made after the one-year statute of limitations had run in favor of the municipal officers. The language of the opinion on that point is as follows:

"Where some preliminary action is essential to perfect the right of instituting suit upon a claim or demand, and such precedent action rests with the claimant and he is under no restraint or disability in the performance of such act. he cannot prevent the running of the statute of limitations by long and unnecessary delay in taking such preliminary action, but the statute will begin to run in a reasonable time after he could, by his own act, have perfected his right of action, and such reasonable time will not, in any event, extend beyond the statutory period fixed for the bringing of such action."

This seems to be in harmony with the rule laid down in Purcell Bank & Trust Co. v. Byars, supra, Kraft v. Thomas, supra, and with the general rule.

In line with these cases we hold that, in the absence of circumstances justifying or excusing delay, the plaintiff cannot extend the one-year statute of limitations by putting off making the demand and giving the notice required by section 6778 until after the cause of action against the municipal officers has become barred by lapse of time.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON, V. C. J., and McNEILL, KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.