## STATE ex rel. SWEENEY v. OKLAHOMA POWER & WATER CO. et al.

No. 27352. May 31, 1939.

Rehearing Denied July 11, 1939.

Norman Barker and Charles West, for plaintiff in error.

Phillip J. Kramer and R. P. Colley, for defendant in error R. L. Laws.

E. J. Doerner and Harold C. Stuart, for defendant in error Oklahoma Power & Water Company.

DANNER, J. This is an action instituted in the name of the state of Oklahoma on relation of A. F. Sweeney, a taxpayer, against the Oklahoma Power & Water Company, the city of Tulsa, and the water commissioner of that city, under sections 5964 and 5965, O. S. 1931, 62 Okla. St. Ann. secs. 372 and 373, commonly referred to as our common informer statutes. The trial judge sustained the demurrers of the defendants to the evidence of plaintiff, and plaintiff · appeals.

The action was brought to recover double the value of water which was sold by the city of Tulsa to the defendant Oklahoma Power & Water Company, the plaintiff contending that said water was sold at less than the rate set by ordinance. A number of propositions .are briefed by the parties, but we consider it sufficient to notice that it was not shown that a demand was served upon the defendant city of Tulsa in conformance with the requirements of the statute, in such manner as to entitle plaintiff to maintain the action.

Section 5965, O. S. 1931, 62 Okla. St. Ann. sec. 373, under which the action was brought, entitles a resident taxpayer to maintain such action "upon the refusal. failure or neglect of the proper officers of any * * * city * * *, after written demand made upon them by ten resident taxpayers of such * * * city * * *, to institute or diligently prosecute proper proceedings * * * for the recovery of any money or property belonging to such * *`*` city * * *, paid out or transferred by any officer thereof in pursuance of any unauthorized, unlawful, fraudulent or void contract. * * *"

The defendants alleged in their answer that the foregoing provision requiring written demand by ten resident taxpayers had not been complied with. The defendants showed by undisputed evidence that not more than six of the signers of the demand were taxpayers, according to the index contained in the office of the county clerk. This index was made from the list of property owners who had received deeds to their property since the year 1912, and while the remaining ,signers of the demand may possibly have been taxpayers if they received deeds to their property prior to 1912, the burden was upon the plaintiff, the issue having properly been raised, to show such fact, that is, that they were in fact resident taxpayers. There was no proof, furthermore, that any one of the signers was a resident.

We have always held that, since this is a penal statute, it is to be strictly construed, and the burden is upon plaintiff to bring himself strictly within the terms of the stat-ute. State ex rel. Mitchell v. City of Shawnee, 167 Okla. 582, 31 P.2d 552; Vaughan et al. v. Latta, 168 Okla. 492, 33 P.2d 795; Dowler v. State, 179 Okla. 532, 66 P.2d 1081; Baugh v. Little, · 140 Okla. 206, 282 P. 459. Clearly enough the plaintiff failed to bring his case within the provisions of the statute.

The question having properly been raised by the pleadings, there being no proof by the plaintiff on the question whether any of the signers were residents of the city, and there being an absolute failure of proof that more than six of said required ten were taxpayers at all, the trial judge was precluded from rendering judgment for plaintiff in any event, that is, even if the proof under the other issues had been sufficient.

Accordingly, the judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON and DAVISON, JJ., concur.