**Christopher A. PRIDDY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–95–0299.**

Court of Criminal Appeals of Oklahoma.

Dec. 21, 1995.

---

## ACCELERATED DOCKET ORDER

On December 5, 1994, Appellant was issued a traffic citation for Failure to Carry Security Verification Form. On December 18, 1994, the Oklahoma Uniform Violations Complaint was filed in the District Court of Rogers County, Case No. TR–94–4236. After a trial before the Honorable David Allen Box, the Appellant was found guilty and fined ten dollars ($10.00). From this Judgment and Sentence, Appellant has perfected this appeal.

Appellant was automatically placed on the Accelerated Docket pursuant to Rule 11.2(a)(1), Ch. 18, App., *Rules of the Court of Criminal Appeals*, 22 O.S.Supp.1994. The propositions or issues were presented to this Court in oral argument October 26, 1995, pursuant to Rule 11.5(c). Appellant, pro se, raised one proposition of error on appeal:

    I.  The trial court lacked subject matter jurisdiction. The Highwayman's [sic] Uniform Violations Complaint form, charging "Failure to Carry Security Verification Form 7–602.1", served as the information at trial. The information lacks a proper verification. At trial, the Trooper admitted that he did not actually subscribe/veri-fy the information in the presence of the attesting Officer.

Article 2 Section 17 of the Oklahoma Constitution provides the formal requirements which are mandated to initiate a criminal proceeding in the courts of this State and provides:

    No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information. No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. Prosecutions may be instituted in courts not of record upon a duly verified complaint.

In the instant case, the State filed the Oklahoma Uniform Violations Complaint, which served as an Information, in the Rogers County District Court on December 18, 1994, charging Appellant with Failure to Carry Security Verification. Section 1114.3 of Title 22 provides a traffic ticket, i.e. a Uniform Violations Complaint, shall constitute an Information if properly endorsed and certified. *Buis v. State*, 792 P.2d 427, 428 (Okl. Cr.1990).

Additionally, the Legislature has provided in Title 22 Section 303, as amended September 1, 1992, that:

    A.  The district attorney shall subscribe his name to informations filed in the district court and endorse thereon the names and last known addresses of all the witnesses known to him at the time of filing the same, if intended to be called by him at preliminary examination or at trial. Thereafter, he shall also endorse thereon the names and last-known addresses of such other witnesses as may afterwards become known to him, if they are intended to be called as witnesses at a preliminary examination or at trial, at such time as the court may by rule prescribe. All informations shall be verified by the oath of the prosecuting attorney, complainant or some other person.

    Upon filing of a verified application by the district attorney, notice to defense

counsel, and hearing establishing need for witness protection or preservation of the integrity of evidence, the district court may excuse witness endorsement, or some part thereof. Such proceedings shall be conducted in camera, and the record shall be sealed and filed in the office of the district court clerk, and shall not be opened except by order of the district court.

B. Notwithstanding other provisions of law, when a law enforcement officer issues a citation or ticket as the basis for a complaint or information, for violation of law declared to be a misdemeanor, the citation or ticket shall be properly verified if:

1. The issuing officer subscribes the officer's signature on the citation, ticket or complaint to the following statement:

"I, the undersigned issuing officer, hereby certify and swear that I have read the foregoing information and know the facts and contents thereof and that the facts supporting the criminal charge stated therein are true."

Such a subscription by an issuing officer, in all respects, shall constitute a sworn statement, as if sworn to upon an oath administered by an official authorized by law to administer oaths; and

2. The citation or ticket states the specific facts supporting the criminal charge and the ordinance or statute alleged to be violated; or

3. A complainant verifies by oath, subscribed on the citation, ticket or complaint, that he has read the information, knows the facts and contents thereof and that the facts supporting the criminal charge stated therein are true. For purpose of such an oath and subscription, any law enforcement officer of the state or of a county or municipality of the state issuing the citation, ticket or complaint shall be authorized to administer the oath to the complainant.

Appellant argues the amendment to 22 O.S.Supp.1992, § 303 is unconstitutional because an Information must be verified before a person authorized to administer oaths. In *Buis v. State*, 792 P.2d 427 (Okl.Cr.1990), we found the requirement that the Oklahoma Uniform Violations Complaint have the endorsement of the district attorney and that verification was statutorily mandated by the language in 22 O.S.1981, § 303. We stated, "Only by the filing of an information which complies with this mandatory statutory requirement can the district court obtain subject matter jurisdiction ..." *Id.* at 431. We find that because these mandates are statutorily required, the Legislature could in effect amend this statute to require no verification and the Oklahoma Constitution would not be violated, if the complaint were filed in a court of record. Provided however, this opinion does not address the specific requirements in Article 2 Section 17 of the Oklahoma Constitution that "[p]rosecutions may be instituted in courts not of record upon a duly verified complaint."

After this Court's decision in *Buis*, Section 303(B) was amended to allow a verification by the issuing officer by simply subscribing his/her signature under a preprinted oath, although the officer is not authorized to administer an oath. *See* 22 O.S.Supp.1992 § 303(B)(1). The Legislature has now provided that any officer may in effect administer his own oath by simply subscribing his signature to the preprinted ticket.

The Legislature has created a specific provision relating to traffic citations filed as Informations. This provision allows the "self-verification" of the issuing officer, together with the endorsement of the District Attorney, as a predicate to the filing of the citation in the District Court as an Information. This action by the officer constitutes verification for this limited purpose. We find this statutory provision does not violate the Oklahoma Constitution and is a proper exercise of the Oklahoma Legislature's authority. The Oklahoma Constitution only requires that no person can be prosecuted criminally in courts of record unless an "information" be filed.

IT IS THEREFORE THE ORDER OF THIS COURT, by a four (4) to zero (0) vote, after hearing oral argument and after a thorough consideration of Appellant's proposition of error and the entire record before us on appeal, the Judgment and Sentence of the

District Court of Rogers County should be, and hereby is AFFIRMED.

IT IS SO ORDERED.

/s/ Charles A. Johnson
CHARLES A. JOHNSON
Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL
Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN
Judge
Concurs in Results

/s/ James F. Lane
JAMES F. LANE
Judge

LUMPKIN, Judge: concurring in results.

Based on stare decisis and the doctrine of separation of powers, I concur in the results reached by the Court in this case. The system of government created by our forefathers when they formed the Republic was based on application of checks and balances on governmental action. One of the foundational methods of ensuring the appropriate limitation on the exercise of governmental power in the prosecution for criminal offenses was requiring the charge be prosecuted by indictment or information. An indictment requires testimony under oath. *See* 22 O.S.1991, §§ 332, 333. An information has historically required "verifi[cation] by the oath of the prosecuting attorney, complainant or some other person". *See* 22 O.S.1991, § 303. Verification is defined as "confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition". Black's Law Dictionary, 5th Edition. Black's goes further in its definition of "verify" and states "[t]he word 'verified,' when used in a statute, ordinarily imports a verity attested by the sanctity of an oath. It is frequently used interchangeably with 'sworn'." That process has consisted of requiring the person taking the oath to appear before a person authorized to administer oaths to execute the oath. This process has always been a part of the checks and balances instituted to ensure the integrity of the initiation of a criminal prosecution. The formality of appearing before a person authorized to administer oaths and executing the verification was addressed by the Supreme Court of Utah which held:

> We believe the correct interpretation of the law to be that there must by some outward formality, some manifestation of the intention to place the affiant under the penalty and obligation of an oath. There must be definite evidence that affiant was conscious that he was taking an oath; that is, there must be not only the consciousness of affiant that he was taking an oath, but there must be some outward act from which that consciousness can be definitely inferred. **That cannot be done from the mere signature to a printed form of oath.** (emphasis added)

*Spangler v. District Court of Salt Lake County et al.,* 104 Utah 584, 140 P.2d 755, 758 (1943).

In this particular case the Oklahoma Legislature appears to have rejected the checks and balances which should be firmly imbedded in the procedure for criminal prosecutions. In its place the Legislature has determined the "balancing of the convenience of the issuing officer" is of greater import. Convenience should not be the gauge of what should be the proper public policy. However, that decision is within the realm of the legislative branch and in this case does not violate the provisions of the Oklahoma Constitution. While the provisions of 12 O.S.Supp.1992, § 303(B) may pass constitutional muster, the process is lacking when viewing the historical basis and formality required for a verification under oath. The officer's signature, while possibly being executed under some penalty, defies analogy to the historical formality required of a verification under oath. Self verification under oath is somewhat akin to self impregnation, a type of legal oxymoron. Regardless, I concur in the result reached in this case.