2011 OK CIV APP 91

STATE of Oklahoma ex rel. Charles W. WRIGHT and Rachel Lawrence Mor, individuals and Taxpayer Citizens of the State of Oklahoma, Plaintiffs/Appellants,

v.

OKLAHOMA CORPORATION COMMISSION, the Petroleum Storage Tank Division of the Corporation Commission, the Petroleum Storage Tank Release Environmental Cleanup Indemnity Fund of the Division, Commissioners Denise A. Bode, Jeff Cloud, and Bob Anthony, and Brooks Mitchell, Robyn Strickland, and Dee Porter, Defendants/Appellees.

No. 108,897.

Court of Civil Appeals of Oklahoma, Division No. 2.

April 18, 2011.

Certiorari Denied June 30, 2011.

James R. Moore, Sue Wycoff, Moore & Vernier, PC, Oklahoma City, Oklahoma, for Plaintiffs/Appellants.

Kieran D. Maye, Jr., Miller Dollarhide, Oklahoma City, Oklahoma, for Defendants/Appellees.

JANE P. WISEMAN, Judge.

¶ 1 State of Oklahoma *ex rel.* Charles W. Wright and Rachel Lawrence Mor (Plaintiffs) appeal the trial court's dismissal of their case for lack of subject matter jurisdiction. After reviewing the record and finding no reversible error,[1] we affirm.

---

1. This appeal is governed by Supreme Court Rule 1.36, 12 O.S. Supp.2010, ch.15, app.1 and proceeds without additional appellate briefing.

## BACKGROUND SUMMARY

¶ 2 As stated in the petition, this *qui tam* action is brought by two former employees of the Oklahoma Corporation Commission asking the trial court to rescind several settlement agreements directing reimbursement from the Petroleum Storage Tank Release Environmental Cleanup Indemnity Fund (Indemnity Fund) for money spent by "petroleum storage tank owners or operators for the reasonable, necessary and integral costs of an environmental cleanup of storage tank leaks." Plaintiffs maintain the claims against the Indemnity Fund were not proper and that "no money was due and owing on the claims and that the Commission should recover the public monies paid out in the settlements."

¶ 3 Title 62 O.S.2001 § 373 allows taxpayers to bring an action in the name of the State to recover funds they allege were paid out or transferred by an officer of the State pursuant to "any unauthorized, unlawful, fraudulent, or void contract." However, this statute requires the taxpayer, as a prerequisite to bringing such action, to issue a "written demand signed, verified and served ... by ten resident taxpayers." 62 O.S.2001 § 373.

¶ 4 Plaintiffs filed a motion for partial summary judgment seeking a trial court determination that the written demand containing the taxpayers' signatures complied with the above statute. The Oklahoma Corporation Commission, the Petroleum Storage Tank Division of the Corporation Commission, Indemnity Fund, Denise A. Bode, Jeff Cloud, Bob Anthony, Brooks Mitchell, Robyn Strickland, and Dee Porter (Defendants/Appellees)[2] responded contending Plaintiffs' motion should be denied and the case dismissed because the trial court had no jurisdiction to proceed when statutory requirements had

not been met. The trial court found the *qui tam* demand to be defective because one of the ten required signatures had not been verified in the presence of a "notary public or someone who can give an oath." Because the taxpayers' demand was defective, the trial court denied Plaintiffs' motion for partial summary judgment and dismissed the case without prejudice[3] finding it had no jurisdiction to proceed in the case.

¶ 5 Plaintiffs appeal.

## STANDARD OF REVIEW

¶ 6 "When reviewing a trial court's dismissal of an action an appellate court examines the issue de novo." *Rogers v. Quiktrip Corp.*, 2010 OK 3, ¶ 4, 230 P.3d 853, 855–56. The issue on appeal is whether the trial court has subject matter jurisdiction. This is an issue of law we review *de novo*, without deference to the trial court. *See Reeds v. Walker*, 2006 OK 43, n. 9, 157 P.3d 100.

## ANALYSIS

¶ 7 After reviewing the briefs and hearing arguments by the parties, the trial court issued its order[4] which fully explains its decision. The trial court found in part as follows:

That the statute requires that a signature to a *qui tam* demand be verified and verification requires that it be signed and sworn before an officer who takes an oath.

That because James Hunt did not sign the *qui tam* demand before a notary public or someone who can give an oath, the Plaintiffs presented a *qui [tam]* demand with nine proper signatures not the required ten. Therefore, this Court has lost jurisdiction in this matter.

THEREFORE, this Court overrules Plaintiffs' Motion for Partial Summary Judgment and dismisses this case without

---

2. The individual appellees were sued in their official capacity. Several other Defendants are not parties to this appeal.

3. In its response to Plaintiffs' motion for partial summary judgment, the Corporation Commission argued that the lack of ten verified signatures on the taxpayers' demand deprived the trial court of jurisdiction to hear Plaintiffs' case and asked that it be dismissed for that reason.

4. It should be noted that Item No. 14 in the appellate record, which is the trial court's order before us on appeal, was inadvertently stamped "Stricken Per Supreme Court Order, Dated _____"; this should have been Item No. 15 which the Supreme Court struck from the record by its order of January 4, 2011.

prejudice. This Order is a final and appealable order as defined in Section 953 of Title 12 of the Oklahoma Statutes.

¶ 8 Plaintiffs argue that they have substantially complied with the statute's purpose which is "to **notify** the relevant public officials that there is an allegation of misfeasance so they can take action," even though one taxpayer did not sign the *qui tam* demand before someone authorized to administer an oath.

¶ 9 Before the 2000 amendment, the statute stated in relevant part:

Upon the refusal, failure, or neglect of the proper officers of the state ... *after written demand made upon them by ten resident taxpayers* of the state....

62 O.S.1991 § 373 (emphasis added). The 2000 amendment changed the statute's language to read:

Upon the refusal, failure, or neglect of the proper officers of the state ... *after written demand signed, verified and served upon them by ten resident taxpayers* of the state ...

62 O.S.2001 § 373 (emphasis added).

¶ 10 "The goal of inquiry into the meaning of a statutory enactment is to ascertain and give effect to the intent of the legislature." *In re BTW*, 2010 OK 69, ¶ 12, 241 P.3d 199, 205. "It is presumed that the law-making body has expressed its intent in a statute's language and that it intended what it so expressed." *Id.* "If the meaning of a statute is plain and unambiguous, it will not be subjected to interpretation by reference to rules of judicial construction but will instead receive the effect its language dictates." *Id.* "Only if legislative intent cannot be ascertained from the language of a statute, as in cases of ambiguity, are rules of statutory interpretation to be invoked and employed." *Id.* "The determination of legislative intent controls statutory interpretation by the judiciary." *Id.*

¶ 11 The change in statutory language clearly demonstrates the Legislature's intent that the written demand be "signed, verified, and served." Black's Law Dictionary defines "verification" as "[a] formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." Black's Law Dictionary 1556 (7th ed. 1999); *see also Priddy v. State*, 1995 OK CR 76, ¶ 1, 908 P.2d 808, 811 (Lumpkin, J., concurring in result) ("Verified" when used in a statute "ordinarily imports a verity attested by the sanctity of an oath. It is frequently used interchangeably with 'sworn.' That process has consisted of requiring the person taking the oath to appear before a person authorized to administer oaths to execute the oath."). This generally constituted the law on this point prior to the Legislature's enactment in 2002 of 12 O.S. § 426.

¶ 12 Citing § 426, Plaintiffs argue that verification does not require swearing before a notary or even swearing at all. Section 426 provides that, when by law, a matter is required to be evidenced or established by "sworn statement, declaration, verification, certificate, oath, or affidavit, in writing of the person making the same," the matter may with equal force and effect be evidenced or established by the person's written unsworn statement made under penalty of perjury in substantially the following form:

I state under penalty of perjury under the laws

of Oklahoma that the foregoing is true and correct.

_____

(Date and Place) (Signature)

12 O.S. Supp.2010 § 426. We agree with Plaintiffs that the legal equivalent to sworn verification may be effected by unsworn statement made under penalty of perjury pursuant to the dictates of § 426. This does not, however, cure the defect confronting Plaintiffs: the questionable tenth signature is neither notarized nor made in compliance, substantial or otherwise, with § 426.

¶ 13. To invoke the trial court's subject matter jurisdiction in a *qui tam* action, § 373 first requires that a written demand be issued. *State ex rel. Fent v. State ex rel. Oklahoma Water Res. Bd.*, 2003 OK 29, n. 13, 66 P.3d 432 (finding the written demand pursuant to § 373 is a "precondition of bringing a *qui tam* action" and "that a written

demand first be made upon the proper state officials to take specified action. The state officials must refuse or otherwise fail to take the requested action" before commencing a *qui tam* action). Because one of the required ten signatures contained neither a verification nor its equivalent, the written demand was defective. As a result, as it correctly concluded, the trial court had no jurisdiction over the action.

¶14 The Supreme Court has held that actions based on § 373 are penal in nature subject to strict construction, that is, they are "to be strictly construed from the standpoint of the alleged wrongdoer."[5] For this reason, Plaintiffs' mid-litigation attempt to remedy the defect in the written demand is impermissible under this provision.

### CONCLUSION

¶15 After a thorough review of the record and applicable law, we conclude the trial court's dismissal for lack of jurisdiction is correct. Finding no reversible error, we affirm the trial court's order.

¶16 **AFFIRMED.**

BARNES, P.J., concurs; FISCHER, V.C.J., not participating.

---

5. *State ex rel. Mitchell v. City of Shawnee*, 1934 OK 203, ¶15, 167 Okla. 582, 31 P.2d 552, 554; see also *State ex rel. Twist v. Bailey*, 1956 OK 103, ¶4, 295 P.2d 763, 764.