STATE ex rel. WATSON v. BOARD OF COM'RS OF LINCOLN COUNTY et al.

No. 30835. March 1, 1943.

Supplemental Opinion May 11, 1943.

*137 P. 2d 240.*

W. L. Johnson, of Chandler, for plaintiff in error.

Walter F. Hill, County Atty., and Embry & Sutton and M. A. Cox, all of Chandler, for defendants in error.

CORN, C. J. This action was brought under the informer statute to recover alleged misappropriated funds, the board of county commissioners, the county treasurer, and Eva E. Curry and Dewey F. Curry, owners and publishers of the Chandler News Publicist, being parties defendant.

It is alleged in the plaintiff's petition that the county excise board of said county made and provided an appropriation for printing and publishing the delinquent tax list for the November, 1939, tax sale in the sum of $1,500; that the said county commissioners and the said county treasurer had full knowledge that said delinquent tax list could be printed and published in a suitable and proper newspaper in said county for $1,500, but that said county treasurer, with full knowledge of said fact, designated the Chandler News Publicist as the official paper in which said delinquent tax list should be printed and published; that the plaintiff was not informed as to the contract price agreed upon, but that said publishers presented and filed in the office of county clerk of said county their claim for the publishing of said delinquent tax list in the sum of $2,462.05; that said claim was allowed by said board of county commissioners in the sum of $1,500, and the remaining portion in the total sum of $962.05 was rejected and disallowed, and a warrant No. 1093 in the sum of $1,500 was issued, signed, and sealed and delivered to said claimants, and that the same showed upon its face that there were no unincumbered funds remaining in the account. That said publishers with full knowledge of the facts accepted said warrant in full settlement and satisfac-

tion of their claim; that notwithstanding said claim paid and receipted in full, said publishers subsequently presented a claim for the rejected portion of said claim in the sum of $962.05, and that said board of county commissioners allowed said claim and caused warrant No. 3591 in said sum to be issued therefor, and that the same was subsequently paid, together with 5% interest thereon, by the county treasurer.

Thereafter a taxpayers' demand subscribed by a sufficient number of qualified taxpayers was served upon the county commissioners demanding that they institute and diligently prosecute an action for the recovery of the funds paid out on the warrant for the sum of $962.05 and interest, together with the penalty in like amount as provided by the statute.

The board of county commissioners accepted the notice and voluntarily filed the action against said publishers in the district court of said county, and the cause was tried to the court, and upon consideration thereof, judgment was rendered in favor of the defendants, publishers, and against the plaintiff. Exceptions were reserved and notice of appeal was given by the plaintiff, and time in which to perfect appeal was by the court allowed.

But before the time allowed for perfecting the appeal from the judgment in the former case had expired this action was filed by the relator against these defendants, the board of county commissioners, the county treasurer, and Eva E. Curry and Dewey F. Curry, the publishers, to recover the sum sought to be recovered in the former action.

These defendants filed "special appearance and plea to jurisdiction." This pleading challenges the jurisdiction of the court to hear and determine the case and moves the dismissal thereof on the ground "that the court does not have jurisdiction of the parties or of the subject matter," and in support of the motion the defendants set up the alleged facts as to the former action,

and also allege that the taxpayers' demand was not presented and served as required by law.

The sole question presented by the appeal is whether or not the trial court erred in dismissing the case upon said motion.

The grounds of objection to the jurisdiction of the court are not aptly pleaded. It appears from the record that the court would have jurisdiction of both the subject matter and of the parties but for a condition precedent to maintenance of the action by plaintiff.

That a taxpayer has no right to institute an action until the steps required by the statute have been taken is well established by the decisions of this court. This court, in the case of Territory ex rel. Johnston et al. v. Woolsey et al., 35 Okla. 545, 130 P. 934, said:

"An action cannot be instituted by a taxpayer or taxpayers until two things have occurred, in addition to the unlawful act of the officers: First, the officer whose duty it is to prosecute an action for the recovery of the money misappropriated or the property wrongfully transferred and for the penalty must have failed to prosecute such action; and, second, such failure and refusal must have occurred after demand therefor by ten resident taxpayers of the city."

And again the same case, discussing the same proposition, the court said:

"Under the procedure prescribed, the right of action to a taxpayer does not accrue, unless the officers of the city whose duty it is to prosecute the action for the city refuse to do so after demand made by ten resident taxpayers of the city."

The same question was considered in McGuire v. Skelton et al., 36 Okla. 500, 129 P. 739, where it was said:

"The right of action, upon the failure, refusal or neglect of the proper officers of the township to act, was given to any resident taxpayer upon compliance with the provisions of the statute, the suit to be brought by him in the name of the state."

And in State ex rel. Schilling v. Oklahoma City et al., 67 Okla. 18, 168 P. 227, involving the statute of limitations in a suit by a taxpayer under the informer statute, the court, in paragraph 2 of the syllabus, said:

"The right to institute such action does not accrue to such taxpayers until the performance of the conditions precedent prescribed by section 6778, and the statute of limitations against such action does not begin to run until the accrual thereof."

The plaintiff stated in his petition that the board of county commissioners, notwithstanding the demand, did not institute and did not diligently prosecute proper proceedings for the recovery of the money alleged to have been paid out by them under unlawful, unauthorized, and fraudulent contract.

The defendants' motion to dismiss the action, regardless of the way it is styled, brings to the attention of the court the fact that instead of a denial of said demand the board of county commissioners accepted the demand and filed the suit demanded by the taxpayers and was diligently prosecuting the same. The action was tried before the same judge who heard said motion and the facts of the case were within his personal knowledge. It required no evidence to disprove the plaintiff's allegation that the board of county commissioners did not institute and diligently prosecute the action.

It is beyond question that the right of the taxpayer to institute and maintain such an action never accrues until the proper officers fail or refuse to institute and prosecute the same, and where the proper officers do institute and diligently prosecute such action, the right of the taxpayer to institute and prosecute the action never accrues.

The trial court may take judicial notice of his own judgments. Under the facts presented by the record, he properly dismissed the case.

Judgment affirmed.

GIBSON, V. C. J., and RILEY, HURST, and DAVISON, JJ., concur. WELCH and ARNOLD, JJ., concur in result. OSBORN and BAYLESS, JJ., absent.

---

Supplemental Opinion.

PER CURIAM. This cause was submitted on March 1, 1943, and thereafter an opinion was prepared under date of April 20, 1943. The death of plaintiff has been suggested to this court for the first time and shown to have occurred on or about the 13th day of March, 1943, and after the submission of the cause and before the approval of the opinion by the court. While the fact of said death between the submission and decision does not impair the validity of the judgment, in order to preserve all rights thereunder said decision and opinion filed herein on the 20th day of April, 1943, is hereby recalled and set aside and the Clerk of the Court is directed to refile said opinion and enter the judgment of this court in said cause nunc pro tunc as of March 1, 1943, the date the cause was submitted. Spencer v. Hamilton, 156 Okla. 194, 13 P. 2d 81.

It is so ordered.